1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  | A Limited Liability Partnership
2 | Including Professional Corporations
  | MOE KESHAVARZI, Cal. Bar No. 223759
3 | DAVID DWORSKY, Cal. Bar No. 272167
  | JAMES HILL, Cal. Bar No. 293971
4 | 333 South Hope Street, 43rd Floor
  | Los Angeles, California 90071-1422
5 | Telephone:  213.620.1780
  | Facsimile:  213.620.1398
6 | Email:        mkeshavarzi@sheppardmullin.com
  |                 ddworsky@sheppardmullin.com
7 |                 jhill@sheppardmullin.com

8 | Attorneys for Defendants
  | RMG SUNSET, INC., PB CANTINA,
9 | LLC, CABO CANTINA L.A., LLC,
  | CABO CANTINA, LLC, and
10 | BOARDWALK F&B, LLC

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT STERN, an individual; on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>RMG SUNSET, INC., a California corporation; PB CANTINA, LLC, a California limited liability company; CABO CANTINA L.A., LLC, a California limited liability company; CABO CANTINA, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. **'17CV1646 JLS  NLS**<br>(Removed from San Diego Superior Court, Case No.: 37-2016-00019511-CU-BT-CTL)<br><br>CLASS ACTION<br><br>**DEFENDANTS RMG SUNSET, INC., PB CANTINA, LLC, CABO CANTINA L.A., LLC, CABO CANTINA, LLC, AND BOARDWALK F&B, LLC'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**<br><br>[**28 U.S.C. § 1332(d)(2)**] |

-1-

1 TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2 THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS

3 ATTORNEYS OF RECORD:

4

5 PLEASE TAKE NOTICE that RMG Sunset, Inc., PB Cantina, LLC, Cabo

6 Cantina L.A., LLC, Cabo Cantina, LLC, and Boardwalk F&B, LLC ("Defendants"),

7 the defendants in the above-referenced action, which was originally commenced in

8 San Diego Superior Court, entitled *Scott Stern v. RMG Sunset, Inc., et al.*, Case No.

9 37-2016-00019511-CU-BT-CTL, hereby invoke the removal jurisdiction of the

10 United States District Court for the Southern District of California, pursuant to 28

11 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rules of Civil Procedure, Rule 81(c),

12 asserting original federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1453(b).

13 This Court has original jurisdiction over the action pursuant to the Class Action

14 Fairness Act of 2005 ("CAFA") for the following reasons:

## I.

## JURISDICTION

17     1.     This Court has jurisdiction over this action pursuant to 28 U.S.C.

18 §§ 1332, 1441, 1446, and 1453. In particular, this Court has jurisdiction under

19 CAFA, codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is styled

20 as a class action in which: (1) the number of members of the proposed plaintiff

21 class is not less than one hundred, in the aggregate; (2) the amount in controversy

22 exceeds the sum or value of $5,000,000, exclusive of interest and costs; and

23 (3) minimal diversity exists between plaintiff and Defendants, i.e., any member of

24 the plaintiff class is a citizen of a state different from Defendants. 28 U.S.C.

25 §§ 1332(d)(2) and (d)(4). Paragraphs 3 through 37 below provide a detailed basis

26 for this removal. Defendants have satisfied all procedural requirements of 28 U.S.C.

27 § 1446, and remove this action to the United States District Court for the Southern

28 District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## II.

## PROPER DISTRICT

2.      Pursuant to 28 U.S.C. § 1446(a), this case should be assigned to the Southern District of California, because the civil action on which this removal is based arose in the County of San Diego, State of California.

## III.

## STATEMENT OF THE CASE

3.      On June 9, 2016, Scott Stern ("Plaintiff") filed a class action complaint ("Complaint") against Defendants, asserting claims for alleged violations of California's Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*, California's False Advertising Law ("FAL"), Business & Professions Code §§ 17500, *et seq.*, and California's Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, as well as for Unjust Enrichment.  Plaintiff filed his First Amended Complaint ("FAC") on July 13, 2016, asserting the same four causes of action.  Plaintiff filed a Doe Amendment naming defendant Boardwalk F&B, LLC on November 4, 2016.

4.      The putative class action arises of out Defendants' practice, from January 2016 through May 2017, of charging customers a 4.9% or 6.9% surcharge, in part to offset costs associated with increases in California's minimum wage (the "Surcharge").

5.      In both his original and First Amended Complaints, Plaintiff identified a putative class consisting of *only* California citizens:

> All California citizens who paid an undisclosed "statelivwage/s/e4.9%" fee to Defendants since June 1, 2012.

FAC, ¶ 22, attached hereto as Ex. 1; Complaint, ¶ 22, attached hereto as Ex. 3. Plaintiff, on behalf of himself and the alleged class, sought a judgment awarding "Plaintiff and the proposed Class members damages" as well as "restitution and

-3-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1   disgorgement of Defendants' ill-gotten gains to Plaintiff and the proposed Class

2   Members where and when appropriate…" *Id.*, Prayer for Relief, pp. 12-13.

3         6.      Plaintiff served a copy of the FAC upon Defendants on July 19, 2016.

4         7.      On August 4, 2017, Plaintiff filed his Motion for Class Certification

5   (the "Motion").  In the Motion, Plaintiff, for the first time, expanded the definition

6   of his putative class to include individuals who are not California citizens:

7                   All persons who between January 1, 2016, and May 1,
                2017, paid a surcharge at one of Defendants' restaurants.

8

9   *See* Motion, p. 2:5-6, attached as Ex. 2.  Plaintiff served the Motion on August 4,

10  2017, and Defendants received it on August 7, 2017.

11  **IV.**

12  **THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED**

13        8.      CAFA was enacted "to facilitate adjudication of certain class actions in

14  federal court." *Dart Cherokee Basin Operating co. v. Owens*, 135 S.Ct. 547, 554

15  (2014).  The Supreme Court recently held that there is no presumption against

16  removal of CAFA actions, and the statute's provisions "should be read broadly, with

17  a strong preference that interstate class actions should be heard in a federal court if

18  properly removed by any defendant." *Id.*

19        9.      To invoke removal jurisdiction, a defendant's notice of removal need

20  only include "a short and plain statement of the grounds for removal." *Dart*, 135

21  S.Ct. at 553. "Congress . . . intended to simplify the pleading requirements for

22  removal and to clarify that courts should apply the same liberal rules [to removal

23  allegations] that are applied to other matters of pleading." *Id.* (internal quotations

24  omitted).  In determining whether the requirements of removal have been satisfied,

25  this Court may also rely upon the allegations of Plaintiff's FAC, taken as true for

26  purposes of removal. *Levine v. BIC USA, Inc.*, 2007 U.S. Dist. LEXIS 60952, at

27  *16-17 (S.D. Cal. Aug. 19, 2007) (applying allegations in complaint that amount in

28  controversy did not exceed $74,999.99 as to each putative class member to

-4-

1  determine that the $5,000,000 jurisdictional threshold under CAFA was satisfied);

2  *Korn v. Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. 2008) ("plaintiff

3  is bound by the allegations in the complaint that assert defendant's citizenship" for

4  diversity purposes).  A defendant need *not* submit evidentiary support with its notice

5  of removal.  *Dart*, 135 S.Ct. at 551 ("A statement 'short and plain' need not contain

6  evidentiary submissions.").

7        10.    For cases involving class allegations, CAFA confers original

8  jurisdiction on a district court where (1) the number of members of the proposed

9  plaintiff class is not less than one hundred, in the aggregate; (2) the amount in

10  controversy exceeds $5,000,000 (exclusive of interest and costs), and (3) any

11  member of the class is a citizen of a state different from any defendant.  28 U.S.C.

12  § 1332(d)(2).

13  **A.**    **<u>Timeliness</u>**

14        11.    This Notice of Removal is timely, because Defendants are filing it

15  within thirty (30) days of receiving a pleading or motion from which they could

16  ascertain that the case has become removable.

17        12.    Pursuant to 28 U.S.C. Section 1446(b)(3):

18
19
20  > if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

21

22        13.    Plaintiff served his Motion for Class Certification on August 4, 2017,

23  and Defendants received it on August 7, 2017.  In the Motion, Plaintiff seeks to

24  certify a class of *all* persons who allegedly paid the Surcharge at Defendants'

25  restaurants, regardless of citizenship.  Motion, p. 2:5-6, attached as Ex. 2.

26        14.    Defendants did not remove this case prior to receiving Plaintiff's

27  Motion for Class Certification, because Plaintiff had explicitly limited the class to

28  include *only* California citizens.  In his Motion for Class Certification, Plaintiff, for

-5-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1  the first time, expanded the class definition to include *all* of Defendants' customers.

2  As described below, Plaintiff's new class definition includes a substantial number of

3  non-California citizens.

4       15.    Defendants served this Notice of Removal on August 16, 2017, which

5  is less than thirty days after Plaintiff served his Motion for Class Certification.

6  Accordingly, this notice is timely filed.  *See* U.S.C. § 1446(b)(3); *Kuxhausen v.*

7  *BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (a "second thirty-

8  day removal period is triggered if the initial pleading does not indicate that the case

9  is removable, and the defendant receives 'a copy of an amended pleading, motion,

10  order or other paper' from which removability may first be ascertained.").

11  **B.**    **<u>Venue</u>**

12       16.    This action was originally brought in the Superior Court of California

13  for the County of San Diego.  Pursuant to 28 U.S.C. § 1441(a), removal to this

14  District Court is proper because the Superior Court of California for the County of

15  San Diego is geographically located within this Court's district.

16  **C.**    **<u>Plaintiff's Case Is Styled as a Class Action</u>**

17       17.    The term "class action" is defined under the statute as "any civil action

18  filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or

19  rule of judicial procedure authorizing an action to be brought by 1 or more

20  representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff styles

21  his FAC as a class action.  Plaintiff purports to bring it "on behalf of himself and all

22  others similarly situated," asserts a putative class and class allegations, and seeks an

23  order certifying the proposed class.  FAC, ¶¶ 22-35, and Prayer for Relief, p. 13.

24  Although Defendants dispute that Plaintiff can meet the requirements for certifying

25  a class under Federal Rule of Civil Procedure 23, and dispute any amount owing to

26  Plaintiff or the alleged class, this lawsuit qualifies as a "class action" under CAFA.

27

28

SMRH:483752186.4

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

## D.     Minimal Diversity Exists

18.     Removal is proper where at least one class member is diverse from at least one defendant.  28 U.S.C. § 1332(d).  As alleged in the FAC, Plaintiff resides in San Diego County, California.  FAC, ¶ 8.

19.     For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The FAC alleges that defendant RMG Sunset, Inc. is a California corporation with its principal place of business in Hollywood, California.  FAC, ¶ 9.

20.     For purposes of determining citizenship under CAFA, an unincorporated association such as a limited liability company is deemed to be a citizen of the state where it has its principal place of business and the state where it was organized.  28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC*, 591 F3d 698, 705 (4th Cir. 2010).  The FAC alleges that defendants PB Cantina, LLC, Cabo Cantina L.A., LLC, and Cabo Cantina, LLC are all limited liability companies organized and existing under the laws of California with their principal places of business in California.  FAC, ¶¶ 10-12.  Defendant Boardwalk F&B, LLC is also a limited liability company organized and existing under the laws of California with its principal place of business in California.

21.     Some courts determining the citizenship of a limited liability company under CAFA have also relied upon the citizenship of company's members.  *See Lafountain v. Meridian Senior Living*, LLC, 2015 U.S. Dist. LEXIS 84134, *5, n. 2 (C.D. Cal. June 29, 2015).  The members of PB Cantina, LLC, Cabo Cantina L.A., LLC, Cabo Cantina, LLC, and Boardwalk F&B, LLC all reside in California.

22.     Pursuant to Plaintiff's Motion for Class Certification, Plaintiff's purported class now includes "[a]ll persons who between January 1, 2016, and May 1, 2017, paid a surcharge at one of Defendants' restaurants."  Motion, p. 2:5-6.  Plaintiff's newly-proposed class definition is no longer limited to California

-7-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1 citizens.  As a result, the purported class now includes all individuals domiciled

2 outside of California who traveled to California during the Class Period, patronized

3 one of Defendants' restaurants, and paid the Surcharge.  Defendants' restaurants are

4 located in heavily trafficked tourist areas, and commonly attract a substantial

5 number of customers who are citizens of other states or countries.

6      23.    By way of example only, the Baja Beach Café in Pacific Beach,

7 California where Plaintiff allegedly dined (*see* FAC, ¶ 2) is located next to Pacific

8 Beach, near the Pacific Beach Pier.  Defendants' restaurant at this location is very

9 popular with out-of-state and foreign tourists visiting San Diego, California.  The

10 other defendant restaurants are likewise popular with tourists.  A substantial number

11 of Defendants' customers who paid the Surcharge are out-of-state or out-of-country

12 residents.

13      24.    Although Plaintiff purports to assert his claims against numerous

14 "Doe" defendants, the citizenship of fictitious and unknown defendants should be

15 disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. §

16 1332.  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)

17 ("unknown defendants sued as 'Does' need not be joined in a removal petition.").

18 Thus, the existence of Doe defendants 1 through 100, named in Plaintiff's FAC,

19 does not deprive this Court of jurisdiction.

20      25.    Accordingly, because the proposed class in Plaintiff's Motion includes

21 non-California citizens, minimal diversity exists.

22 **E.**    **The Amount in Controversy Exceeds $5,000,000**

23      26.    The claims of the individual members in a class action are aggregated

24 to determine if the amount in controversy exceeds the sum or value of $5,000,000.

25 28 U.S.C. § 1332(d)(6).  The Supreme Court recently held that where, as here, a

26 plaintiff's complaint does not explicitly specify the amount in controversy (*see*

27 FAC, ¶ 12), a defendant's notice of removal need include only a plausible allegation

28 that the amount in controversy exceeds the jurisdictional threshold under CAFA.

-8-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1  *Dart*, 135 S.Ct. at 554.  The amount in controversy allegation in a defendant's notice

2  of removal should be accepted as true when not contested by a plaintiff or

3  questioned by the court.  *Id*. at 553.  If the court is uncertain about whether all

4  matters in controversy meet the $5,000,000 jurisdictional threshold under CAFA,

5  "the court should err in favor of exercising jurisdiction over the case."  *Kearns v.*

6  *Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, at *19 (C.D. Cal. Nov. 18, 2005)

7  (citing Senate Judiciary Committee Report, S. REP. No. 109-14).

8     27.    Defendants deny that Plaintiff and the putative class have been harmed

9  in any way, or that they are entitled to any damages, disgorgement, or restitution.

10  Defendants further dispute Plaintiff's apparent method for calculating purported

11  damages, disgorgement, or restitution, as well as Plaintiff's claim that he and the

12  purported class are entitled to "disgorgement of Defendants' ill-gotten gains," and

13  deny any liability to Plaintiff or any member of the class he purports to represent.

14  FAC, Prayer for Relief, p. 13.  However, for the purposes of determining the amount

15  in controversy under CAFA, Plaintiff's allegations place at issue an amount greater

16  than CAFA's $5,000,000 jurisdictional threshold.

17     28.    Plaintiff seeks restitution, damages, punitive damages, disgorgement

18  and injunctive and declaratory relief for himself and each putative class member

19  who paid the Surcharge.  FAC, ¶¶ 2, 19-20, Ex. 1, p. 2.

20     29.    Plaintiff alleges that, had "Plaintiff and Class members known that

21  Defendants were charging the additional fee, they would not have gone to

22  Defendants restaurant, would have reduced their orders to stay with budget, or

23  would have asked for a discount or waiver of the fee."  *Id.*, ¶¶ 2, 21, 62.

24     30.    Although Defendants dispute these allegations and Plaintiff's alleged

25  damages, Plaintiff's own calculations put at issue an amount in controversy well in

26  excess of $5,000,000.  In support of his Motion for Class Certification, Plaintiff

27  argues that Defendants received approximately $2,000,000 in revenue from the

28  allegedly improper Surcharge.  Memo. of Ps & As ISO Motion, p. 11:16-18.

1    Plaintiff's FAC goes even further, and seeks compensatory and punitive damages in

2    addition to the Surcharge that he and each class member paid.

3        31.    Plaintiff seeks restitution and damages for more than just repayment of

4    the approximately $2 million in Surcharge that he and the putative class allegedly

5    paid.  Plaintiff's FAC expressly alleges that Plaintiff seeks both restitution *and*

6    damages.  Moreover, Plaintiff alleges that he and many of the class members would

7    have never eaten at Defendants' restaurants in the first place if they had known

8    about the Surcharge.  FAC, ¶¶ 2, 21, 62.  Plaintiff thus claims that he and the

9    putative class are entitled to damages, presumably in the form of a refund of the full

10   purchase price of their meal.  *Id.*, Prayer for Relief, p. 13.  This is confirmed by

11   additional allegations in the FAC and Exhibits thereto.  For example, in his CLRA

12   letter, which is attached as Exhibit 1 to the FAC, Plaintiff wrote that he seeks from

13   Defendants "restitution of the purchase price."  FAC, Ex. 1.  Moreover, after

14   receiving Plaitniff's CLRA letter, Defendants offered to reimburse him for the

15   Surcharge and the entire cost of his meal.  Plaintiff rejected this offer and, in the

16   FAC, alleges that this offer only "partially reimburse[s] Plaintiff for his individual

17   damages."  FAC, ¶ 43.  Plaintiff's request for restitution and damages, in the form of

18   a full refund of every purchase, easily puts at issue more than $5 million, because

19   Defendants' total sales during the Class Period exceed $40 million.

20       32.    Plaintiff also seeks punitive damages.  FAC, Ex. 1, p. 2 (expressly

21   identifying punitive damages as an item of damages Plaintiff seeks); FAC, ¶ 44

22   (alleging that "Defendants' conduct is malicious, fraudulent and wanton . . ."); *see*

23   *Back Doctors Ltd. v. Metropolitan Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th

24   Cir. 2011) (permitting inclusion of punitive damages in CAFA removal calculation,

25   where they were available to plaintiff and plaintiff did not disclaim entitlement to

26   them in its complaint).  In determining whether the "amount in controversy"

27   requirement of 28 U.S.C. §1332(a) is met, a court "must" consider punitive damages

28   in the calculation where recoverable under state law.  *Gibson v. Chrysler Corp.*, 261

-10-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1   F.3d 927, 945-46 (9th Cir. 2001).  The amount of punitive damages is based, in part,

2   on a ratio to compensatory damages.  A conservative punitive damages award

3   bearing only a 1:1 ratio to a compensatory damages award to Plaintiff would even

4   further enlarge the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*,

5   506 F.3d 696, 698 (9th Cir. 2007) (approving District Court's consideration of a

6   "conservative" 1:1 punitive to compensatory damages ratio on removal).

7         33.    Plaintiff also requests attorney's fees.  FAC, Prayer for Relief, p. 13.

8   Although Defendants deny that Plaintiff is entitled to such fees, the Court should

9   take attorney's fees into account in ascertaining the amount in controversy, even

10  where an award is discretionary.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

11  1155-56 (9th Cir. 1998).  Plaintiff's request puts approximately another 25% of

12  Plaintiff's alleged damages at controversy.  *See Molnar v. 1-800-Flowers.com, Inc.*,

13  2009 U.S. Dist. LEXIS 131768, at *5 (C.D. Cal. Feb. 23, 2009) (approving estimate

14  of attorney's fees of 25% of alleged damages when determining amount in

15  controversy).

16        34.    Finally, Plaintiff also seeks declaratory and injunctive relief, including

17  an order requiring Defendants to make certain price disclosures and conduct a

18  corrective marketing campaign.  FAC, ¶¶ 39-42, 53, 65, and Prayer for Relief, p. 13.

19  While Defendants no longer include the Surcharge on their bills, the corrective

20  campaign Plaintiff seeks will nonetheless be costly.  *See Anderson v. Seaworld*

21  *Parks and Entertainment, Inc.*, 132 F.Supp. 3d 1156 (N.D. Cal. 2015) (holding

22  CAFA amount in controversy requirement was met, where the potential harm to

23  defendant's business reputation and loss of sales caused by complying with

24  plaintiff's proposed corrective marketing campaign could lead to over $5,000,000 in

25  losses).  The costs of complying with Plaintiff's proposed injunction by buying an

26  advertising campaign may also be considered in determining the amount in

27  controversy.  *See BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir.

28

-11-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

1  2002) (costs of complying with injunction may be considered to determine amount

2  in controversy under CAFA).

3      35.     Although Defendants deny that Plaintiff or the purported class

4  members are entitled to any relief, in determining the amount in controversy, the

5  Court must assume that allegations of the FAC are true, and that Plaintiff will

6  ultimately prevail on all claims made in the FAC. *Kenneth Rothschild Trust v.*

7  *Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also*

8  *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.3d 1199, 1204-05 (E.D. Cal. 2008)

9  ("the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's

10 complaint, not what a defendant will *actually* owe." ).  Therefore, based on

11 Plaintiff's request for restitution, damages, punitive damages, attorney's fees and

12 injunctive relief, the FAC places more than $5,000,000 at issue in this action.

13 **F.     The Putative Class Far Exceeds 100 Members**

14      36.     CAFA requires that the proposed class includes at least 100 members.

15 28 U.S.C. § 1332(d)(5)(B).  Although Defendants dispute Plaintiff's class

16 allegations, and deny that the class is ascertainable as alleged, the class and subclass

17 pled by Plaintiff exceeds 100 members.  Plaintiff claims that the class is "so large

18 that the joinder of each individual claim … would be impracticable."  Memo. of Ps

19 & As ISO Motion, p. 11:19-21.  He further claims that over "eight hundred thousand

20 receipts with the Surcharge" were generated in the first fourteen months it was

21 assessed. *Id.*, p. 11:18-19.  Now, Plaintiff seeks to represent a class of any and all

22 persons who dined at Defendants' restaurants and paid the Surcharge from January

23 1, 2016 to May 1, 2017.  *Id*., ¶ 10:23-11:1.  While Defendants dispute many of

24 Plaintiff's allegations, they agree that the number of individuals who dined at

25 Defendants' restaurants and paid the Surcharge during the class period far exceeds

26 100.  Therefore, CAFA's class size requirement is satisfied.

27

28

-12-

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT

**G.** **Notice to the Clerk of the State Court and to Adverse Parties, Submission of Process, Pleadings and Orders on File in State Court**

37.     Copies of this Notice of Removal promptly will be served on counsel of record for Plaintiff and filed with the Clerk of the San Diego County Superior Court as required under 28 U.S.C. § 1446(d).  In compliance with 28 U.S.C. § 1446(a), a true and correct copy of the First Amended Complaint is attached hereto as **Exhibit 1**, true and correct copies of Plaintiff's Motion for Class Certification and all pleadings filed in support thereof are attached hereto as **Exhibit 2**, and true and correct copies of the remaining pleadings, process, and orders served or filed in the state court action are attached as **Exhibit 3**.

## V.

## CONCLUSION

By this notice and attachments, Defendants do not waive any objections they may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action.  Defendants pray that this action be removed to this Court; that all further proceedings in the state court be stayed; and that Defendants obtain all additional relief to which they are entitled.


Dated:  August 16, 2017        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _/s/ Moe Keshavarzi_
          MOE KESHAVARZI
          mkeshavarzi@sheppardmullin.com
          DAVID DWORSKY
          ddworsky@sheppardmullin.com
          Attorneys for Defendants
          RMG SUNSET, INC., PB CANTINA, LLC,
          CABO CANTINA L.A., LLC, CABO CANTINA,
          LLC, and BOARDWALK F&B, LLC

-13-

1

<u>INDEX OF EXHIBITS</u>

2

<u>Page</u>

3   Exhibit 1     Plaintiff's First Amended Class Action Complaint          15-35

4

5   Exhibit 2     Plaintiff's Motion for Class Certification               36-388

6

7   Exhibit 3     San Diego Superior Court's Case File                     389-933

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:483752186.4

DEFENDANTS' NOTICE OF REMOVAL
OF CASE TO FEDERAL COURT